## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **MARIA CLAYTON** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO.  2:07CV386** |
| | § | |
| **HARTFORD UNDERWRITERS** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Hartford Underwriters Insurance Company's ("Hartford") Motion to Transfer Venue (Docket No. 12).  After careful consideration of the parties' written submissions, the Court **DENIES** Hartford's motion.

## BACKGROUND

Plaintiff Maria Clayton suffered injuries from a car accident allegedly caused by another driver.  Clayton reached a settlement with that driver, but the settlement amount was insufficient to cover Clayton's damages.  On August 31, 2007, Clayton filed suit against her insurance company, Hartford, alleging breach of contract and unfair claims settlement practices arising from Hartford's failure to pay underinsured motorist benefits.  On October 17, 2007, Hartford filed its answer.

On January 17, 2008, the Court ordered the parties to mediate by April 30, 2008.  A month later, the Court issued its discovery order and the parties' agreed docket control order, which set November 3, 2008 as the date for trial.  On May 9, Hartford filed this motion seeking an intra-divisional transfer to the Sherman division.

## APPLICABLE LAW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).  If so, under § 1404(a), a court examines "the convenience of the parties and witnesses."  *Id*.  The convenience determination involves examining several private and public interest factors, none of which are given dispositive weight.  *Id*.

The private factors include: (1) the relative ease of access to sources of proof; (2) the availability of the compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.  *Id*.  The public factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's familiarity with the governing law; and (4) the avoidance of unnecessary conflict of law problems involving foreign law's application.  *Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's forum choice by itself is not conclusive or determinative.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  *But see Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); *Syndicate 420 at Lloyd's London v. Early Am. Ins. Co.*, 796 F.2d 821, 828 (5th Cir. 1986) ("Once the Court has determined that an adequate, available forum exists, the next step is to proceed to a

balancing of the public and private interest factors, bearing always in mind that 'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'") (quoting *Gulf Oil*, 330 U.S. at 508).  A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to only the plaintiff's claims.  *In re Volkswagen AG*, 371 F.3d at 204.  The movant bears the burden of proof in demonstrating that transfer is warranted. *Z-Tel Commc'ns, Inc. v. SBC Commc'ns, Inc.*, 331 F. Supp. 2d 567, 570 (E.D. Tex. 2004) (Folsom, J.) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

## ANALYSIS

Neither party disputes that venue would be proper in the Sherman Division; thus, the sole remaining inquiry is the "convenience of the parties and witnesses."  *In re Volkswagen AG*, 371 F.3d at 203.

### Private Factors

 Hartford contends that the "sources of proof are located in Cooke County, Collin County and Dallas County, Texas."  Docket No. 12 at 5.  Hartford also argues that because these locations are more than 100 miles from Marshall, the availability of compulsory process, the cost of attendance for willing witnesses, and the other practical problems factors weigh in favor of transfer. However, Hartford does not offer any affidavit or declaration to support its assertions.  *See Z-Tel*, 331 F. Supp. 2d at 571.  Instead, Hartford relies on Clayton's initial disclosures.

While the disclosures list witnesses that reside in the Dallas and Sherman areas, the disclosures are silent on the issue of convenience.  *See* Docket No. 12, Exh. C.  Hartford also fails to state which, if any, witnesses it plans to call at trial or to what the witnesses would testify.  *See Z-Tel* , 331 F. Supp. 2d at 575 ("As the party seeking transfer, Defendant must clearly specify the

key witnesses to be called and make a general statement of what their testimony will cover."). Without affidavit or declaration testimony, Hartford asks the Court to presume first that Hartford will require live testimony from the listed witnesses and second that those listed witnesses will be inconvenienced by trial in Marshall; presumptions the Court declines to make.

Furthermore, when Hartford moved to transfer, trial was only six months away.[1]  Hartford offers no assurance that transfer to Sherman would not postpone the trial date or at the very least constitute undue delay.  As trial is set for November 3, 2008, transferring this case to the Sherman division would not be expeditious.  *See In re Volkswagen AG*, 371 F.3d at 203.

**Public Factors**

Hartford contends that the public factors favor transfer to Sherman.  Hartford argues that Marshall lacks an interest in the dispute.  As the underlying accident occurred in the Sherman Division and the insurance contract was signed in the Sherman Division, this factor weighs in favor of transfer.

Hartford also argues that because the Marshall docket has 649 pending civil cases compared to 485 in Sherman, the Marshall docket is more congested than the Sherman Docket.  However, Hartford's analysis does not consider Sherman's heavy criminal docket.  When comparing the complete dockets for Marshall and Sherman, Sherman's docket has more cases pending than Marshall.  Accordingly, this factor does not support transfer.

**Balancing of the Factors**

Hartford has not met its burden to show that the factors favor transfer.  Hartford does not offer any specific evidence to support its analysis of the private factors.  At the very least, Hartford

---

[1] Because of the motion practice time-line, this motion was not ripe until approximately five months before trial.

needed to identify specific trial witnesses and their purported testimony.  *See Z-Tel*, 331 F. Supp. 2d at 575.  Even though Marshall lacks an interest in this suit, this factor is not given dispositive weight.  *In re Volkswagen AG*, 371 F.3d at 203.  The other public factors are neutral to or weigh against transfer.  Therefore, in this case, the balance of the factors do not support transfer.

Furthermore, this suit is essentially a breach of contract claim between an insured and the insurer.  The parties agreed to a speedy trial schedule, less than a year from the issuance of the docket control order.  Hartford waited almost two months after Clayton's initial disclosures to file its motion to transfer.  Transferring this case would only serve to delay the parties' agreed speedy resolution, which would not serve the interests of justice.

## CONCLUSION

For the above reasons, the Court **DENIES** Hartford's motion to transfer (Docket No. 12).

**So ORDERED and SIGNED this 7th day of July, 2008.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**